IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANGELA DAWN WARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| HAWKINS COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes Plaintiff, Angela Dawn Warner, (hereinafter "Plaintiff" or "Ms. Warner"), by and through her attorneys and sues Defendant, Hawkins County Board of Education (hereinafter "HCBE" or "Defendant"), and would show unto this court as follows:

1. Plaintiff is a citizen and resident of Rogersville, Hawkins County, Tennessee.

2. Defendant is a political subdivision of the State of Tennessee created pursuant to §§ 49-2-201 *et seq.* and has exclusive management and control of the county schools in Hawkins County, Tennessee. HCBE's principal place of business is 200 N. Depot Street, Rogersville, Tennessee 37857. HCBE may be served with process through its Chief Agent and Director of Schools, Charlotte Britton ("Ms. Britton"), 200 N. Depot Street, Rogersville, Tennessee 37857.

3. Defendant is an employer subject to the provisions of the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§ 201 *et seq.* and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 ("TPPA"). Plaintiff brings this action for legal relief to address her unlawful

termination in violation of the FLSA and TPPA and to remedy violations of the wage provisions of the FLSA and state law breach of contract.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216 and 28 U.S.C. § 1367 (for the TPPA and state law breach of contract claims).

5. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. §1391(b-c).

6. Plaintiff was employed by Defendant for purposes of this civil action from July 2000 until her termination on or about May 4, 2011.

7. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203 of the FLSA and § 304 of the TPPA and worked for the Defendant within the territory of the United States within the three year period preceding the filing of this lawsuit.

8. Defendant is an "employer" as defined by § 203 of the FLSA and §304 of the TPPA.

9. The overtime provisions set forth in § 207 of the FLSA govern the business operations and activities of and apply to Defendant.

10. Plaintiff was employed as the Director of Finance and Budget. Her position was classified as salaried, non-exempt. Plaintiff's regularly scheduled work hours during the school year were 8:00 a.m. until 4:00 p.m., with a one-hour, unpaid meal period. During the summer months, Plaintiff worked Monday through Thursday from 7:00 a.m. to 5:00 p.m. with a one and a quarter hour unpaid meal period. Plaintiff's regularly scheduled work hours created a 35 hour work week. Plaintiff's contract of employment with Defendant entitled her to receive overtime for all hours worked between thirty-five and forty hours in a work week at a straight time rate.

Plaintiff was entitled to receive overtime for all hours worked over forty in a work week at time-and-a-half. Plaintiff was also entitled to be compensated for all hours worked for Defendant. Pursuant to § 207(o) of the FLSA and 29 C.F.R. § 553.20, Plaintiff and Defendant agreed that compensatory time could be paid in lieu of monetary overtime compensation. This agreement was subject to the rights and obligations contained in Part 553 of the FLSA regulations.

11. During Plaintiff's employment, she received raises and performed her job satisfactorily.

12. Plaintiff's non-exempt duties included assisting departmental bookkeepers; processing payroll; reconciling monthly vendor, payroll and direct deposit accounts; reviewing financial reports; preparing journal entries; preparing annual financial reports; preparing monthly retirement reports; preparing quarterly payroll forms; preparing W2s and 1099s; and other duties.

13. Plaintiff normally arrived and began working at the start of her regularly scheduled shift each morning, but she often worked past the end of her regularly scheduled shift. Plaintiff also occasionally worked Saturdays. Defendant did not always compensate Plaintiff for the work she performed prior to and after her regularly scheduled shift. When Plaintiff was hired, she was paid a salary of $30,000 per year. In the first quarter of 2008, Plaintiff met with Ms. Britton and requested that her salary be changed to the teacher pay scale. The Board voted to change Plaintiff's salary to the teacher pay scale resulting in an increase in salary to Plaintiff effective October 2008.

14. At the time this change was implemented, Plaintiff had a significant amount of compensatory time built up, and Ms. Britton told Plaintiff that she will no longer earn overtime except for emergency situations or when she is performing work outside her regular job duties.

This resulted in Plaintiff being forced to work "off the clock" on many occasions. Ms. Britton subsequently instructed Plaintiff to cash out her compensatory time in March 2009.

15. Between May 2009 and September 2009, Plaintiff worked a substantial number of overtime hours, and most tasks performed during this time were outside her regular duties. Plaintiff spoke to Ms. Britton numerous times and sent a number of e-mails to her advising her of these overtime hours and requesting Ms. Britton's approval. Plaintiff held the timesheets recording these hours while awaiting word from Ms. Britton. Ms. Britton did not respond to the e-mails. Plaintiff eventually turned the timesheets in due to a pending audit. Subsequently, Plaintiff sent Ms. Britton an e-mail advising her that she submitted the timesheets. In September 2009, Ms. Britton told Plaintiff she never received the e-mails, but she signed and approved the timesheets. Ms. Britton advised Plaintiff to always turn in her timesheets and consider them approved unless Ms. Britton indicated otherwise. Ms. Britton never expressed any problems with Plaintiff's subsequent timesheets.

16. In July 2010, Ms. Britton approached Plaintiff about changing the way her salary was calculated under the teacher pay scale. Plaintiff was originally paid the teacher scale wage divided by 200, multiplied by 260 days, to arrive at her annual salary. Ms. Britton unilaterally changed Plaintiff's salary by taking the teacher scale wage, dividing it by 10, and multiplying it by 12 months. This resulted in a $4,000 reduction in pay to Plaintiff. Ms. Britton's actions were not approved by the Board of Education.

17. Defendant's management, including Ms. Britton, knew that Plaintiff was working off the clock for Defendant's benefit. Defendant engaged in a pattern or practice of conduct intended to deny paying Plaintiff overtime to which she is entitled under the FLSA. Indeed, in

4

November 2008, Ms. Britton instructed Plaintiff to change her time sheet to delete overtime hours Plaintiff had recorded.

18. Defendant has intentionally and repeatedly engaged in the practice of requiring Plaintiff, a non-exempt employee, to underreport her hours in violation of the FLSA.

19. Defendant has violated its duty as defined by the applicable federal regulations by unlawfully accepting the benefits of Plaintiff's work efforts as an employee and refusing to pay her lawful and proper compensation. Defendant has specifically violated 29 C.F.R. § 785.11 and § 785.13, in that it has suffered or permitted Plaintiff to work without compensating her for those work hours and has violated the parties' employment contract which provided that she was to be paid for all hours worked and that Plaintiff was to receive overtime for all hours worked over thirty-five in a work week at straight time and for all hours worked over forty in a work week at time-and-a-half.

20. By the actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated provisions of its contract with Plaintiff to pay her for all hours worked and in accordance with the FLSA and corresponding federal regulations.

21. Defendant has made no good faith effort to comply with the FLSA with respect to its compensation of Plaintiff. Defendant has refused to allow Plaintiff to either take previously-earned and accrued compensatory time or pay her for said time in violation of 29 C.F.R. §§ 553.25 and 553.27.

22. Plaintiff complained frequently to Ms. Britton, among others, about Defendant's failure to pay her for all hours worked and/or to pay her overtime. On or about March 4, 2011, Plaintiff wrote an e-mail to Ms. Britton complaining about not getting paid overtime. Ms. Britton received the e-mail, but she did not reply to it. On or about March 7, 2011, Ms.

Britton attended a School Board Retreat and discussed Plaintiff's overtime with the Board of Education. Upon information and belief, Ms. Britton told the Board of Education that she would not pay Plaintiff overtime. Plaintiff also met with Ms. Britton, Director of Personnel, Nedra Jackson, and Executive Secretary, Jennifer Wineger, on April 26, 2011 to discuss the foregoing. During this meeting, Plaintiff asked to be compensated for all overtime owed, but Ms. Britton stated that Defendant was not paying overtime to her. Ms. Britton said the Board will not pay overtime to her.

23. On May 4, 2011, Plaintiff reported to work and Ms. Britton called her into her office. Ms. Britton handed her a letter and said, "you are being terminated immediately." Plaintiff asked why she was being terminated, and Ms. Britton said either "it is to better Hawkins County" or "it is best for Hawkins County." A copy of the termination letter is attached hereto as **Exhibit A**. Ms. Britton's stated reason for terminating Plaintiff's employment is pretextual. Plaintiff was terminated in retaliation for complaining about not receiving overtime pursuant to the FLSA.

24. Complaints about not receiving overtime cannot be used as a basis for disciplining and/or terminating an employee. 29 U.S.C. § 215(a).

25. Defendant terminated Plaintiff for complaining about illegal activity in violation of the TPPA. The complaints about not receiving overtime were the sole reason Defendant terminated her.

26. As a result of Defendant's conduct, Plaintiff has lost tangible job benefits including the loss of income and benefits, both past and future, and other non-pecuniary losses as a direct result of Defendant's actions in terminating her employment. Plaintiff has also suffered emotional distress as a result of her wrongful termination.

27. Defendant's conduct in terminating Plaintiff was intentional, reckless, and/or malicious. Defendant is, therefore, liable to Plaintiff for punitive damages for its intentional, reckless, and/or malicious conduct.

## COUNT I – VIOLATION OF THE FLSA

28. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 27 herein. By its actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated the FLSA and corresponding federal regulations by failing to pay Plaintiff straight time and overtime compensation during her employment. Defendant willfully and intentionally engaged in a pattern and practice of violating the FLSA as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiff in accordance with Section 207 of the FLSA. Defendant has intentionally and repeatedly engaged in the practice of requiring its non-exempt employees to underreport hours worked in violation of the FLSA. Indeed, Plaintiff regularly worked beyond her regularly scheduled hours for Defendant without receiving straight time and overtime compensation for those hours worked.

29. Defendant issued payroll checks to Plaintiff during her employment with it. Plaintiff was working in excess of her compensated hours; therefore, she is entitled to additional straight time and overtime pay as a result of the excess hours worked.

30. As a result of Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive her lawful straight time and overtime wages in accordance with Section 207 of the FLSA and 29 C.F.R. § 778.315. Defendant also refused to give Plaintiff a reasonable opportunity to use compensatory time and has refused to pay Plaintiff for all compensatory time off that had accrued prior to her termination in violation of 29 C.F.R. §§ 533.25 and 533.27.

31. Defendant has made no good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

32. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of her rightful and overtime compensation in an amount to be determined at trial, and is entitled to recover such amounts, plus liquidated damages, prejudgment and post-judgment interest, attorney's fees, costs, and all other compensation and relief permitted by the FLSA and applicable federal regulations.

## COUNT II – STATE LAW BREACH OF CONTRACT

33. Plaintiff repeats and incorporates by reference all allegations contained in paragraphs 1 through 32 herein. Defendant and Plaintiff were parties to an employment contract. Defendants agreed to pay Plaintiff for all straight time and overtime hours worked. By its actions alleged herein, Defendant violated its employment contract with Plaintiff by failing to pay her for all straight time and overtime hours worked.

34. Defendant breached its contract with Plaintiff by failing to pay her for all straight time and overtime hours worked. Plaintiff has been damaged by Defendant's breach of contract.

## COUNT III – VIOLATION OF THE FLSA - RETALIATION

35. Plaintiff repeats and incorporates by reference all allegations contained in paragraphs 1 through 34 herein. By its actions alleged herein, Defendant willfully, knowingly, and/or maliciously violated the FLSA and corresponding federal regulations by terminating Plaintiff for complaining about Defendant's failure to pay her overtime owed pursuant to the FLSA.

36. Defendant willfully, intentionally, and maliciously engaged in a pattern and practice of violating the FLSA as detailed herein by preventing or endeavoring to prevent Plaintiff from exercising the rights and receiving benefits to which she is entitled under § 207(o) of the FLSA.

37. As a result of Defendant's violation of the FLSA, Plaintiff has suffered emotional distress, and lost tangible job benefits, including the loss of wages and salary, past and future in an amount to be determined at trial, plus liquidated damages, prejudgment and post-judgment interest, attorney fees, costs and all other compensation and relief permitted by the FLSA and applicable federal regulations.

38. Defendant's conduct as stated herein violates the FLSA 29 U.S.C. §§ 201 *et. seq.* and is sufficient to justify the imposition of liquidated damages and was willful.

39. Defendant has made no good faith effort to comply with the FLSA with respect to the rights afforded to Plaintiff under the statute.

## COUNT IV – VIOLATION OF THE TPPA

40. Plaintiff repeats and incorporates by reference all allegations contained in paragraphs 1 through 39 herein. By its actions alleged herein, Defendant willfully, knowingly, and/or maliciously violated the TPPA by terminating Plaintiff solely for complaining about Defendant's illegal activities of not paying her overtime.

41. As a result of Defendants' violation of the TPPA, Plaintiff has suffered emotional distress, and lost tangible job benefits, including the loss of wages and salary, past and future in an amount to be determined at trial plus punitive damages, prejudgment and post-judgment interest, attorney fees, costs and all other compensation and relief permitted by the TPPA.

42. Defendant's conduct as stated herein violates the TPPA, Tenn. Code Ann. § 50-1-304, and is sufficient to justify the imposition of punitive damages because Defendant's actions were intentional, reckless and/or malicious.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A.  That Plaintiff be awarded damages in the amount of her unpaid straight time and unpaid overtime compensation owed to her under the FLSA, plus an equal amount of liquidated damages, prejudgment and post-judgment interest, and other relief permitted by the FLSA and applicable regulations;

B.  That Plaintiff be awarded state law breach of contract damages for all straight time and overtime hours worked, plus pre-judgment and post-judgment interest;

C.  That Plaintiff be awarded damages including lost wages, salary, employment benefits and other compensation, with interest, plus an equal amount of liquidated damages, punitive damages, prejudgment and post-judgment interest, and front pay (or, alternatively, reinstatement if this court deems that appropriate), emotional distress and other relief permitted by the FLSA and applicable federal regulations and the TPPA as a result of her unlawful termination;

D.  That Plaintiff be awarded her reasonable attorneys' fees;

E.  That Plaintiff be awarded her costs, expert witness fees, and expenses incurred in this action;

F.  That the court enter an injunction prohibiting Defendants from violating the FLSA and the TPPA;

G.  A jury to try this civil action; and

H. Such other further legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/Robert L. Bowman
Robert L. Bowman (#017266)
Kramer Rayson LLP
Post Office Box 629
Knoxville, TN 37901-0629
rlbowman@kramer-rayson.com
Telephone: 865.525.5134
Facsimile: 865.522.5723

NOTICE OF CONSENT

Pursuant to 29 U.S.C. § 216(b), this is my written consent to be a party in this civil action.

ANGELA DAWN WARNER

Date: 5-25-11

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of May, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Robert L. Bowman
Robert L. Bowman

11